IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Anthony Charles Matthews,<br><br>         Petitioner,<br><br>    vs.<br><br>James River Correctional Center,<br>Don Redmann, Warden,<br><br>         Respondent. | Case No. 3:05cv114 |

FILED
AUG - 4 2006
EDWARD J. KLECKER, CLERK
U.S. DISTRICT COURT-NORTH DAKOTA

## OPINION AND ORDER

### I. INTRODUCTION

Before the Court is a motion by petitioner, Anthony Charles Matthews, pro se, pursuant to 28 U.S.C. § 2254 (doc. #1). For the reasons set forth below, the Motion is **DENIED**.

### II. BACKGROUND

In the early morning hours of October 24, 2001, the Fargo Police Department received a 911 emergency call from a woman reporting that two men were being held at gunpoint at a location in Horace, N.D. The two men were later identified as Bobby Murray and petitioner, Anthony Matthews. The dispatcher was informed that Murray and Matthews worked for a company called "Leak Seekers" and that they went to Horace to collect a debt owed to the company.[1]

---

[1] Leak Seekers was owned by Matthews, and the business address of Leak Seekers was identical to Matthews' home address.

1

The dispatcher called the phone company to trace the phone call that the 911 caller had allegedly received from the victims. After the phone company reported that it could not trace the phone call, the officers were dispatched to Matthews' house to look for information that might lead to the Horace location.

The officers decided to enter Matthews' house without a warrant to check for possible victims and to gain information about the whereabouts of Murray and Matthews. While searching an upstairs bedroom for information, officers found a clear plastic bag containing marijuana, a digital scale, and a black plastic bag containing twelve to fifteen bundles of marijuana. Following the discoveries, officers secured a search warrant for the house and seized the marijuana and other evidence of drug activity.[2]

Matthews was charged with Possession with Intent to Deliver a Controlled Substance and Possession of Drug Paraphernalia. He moved to suppress the evidence found during the warrantless search of his home. The state trial court denied the motion. Matthews then entered a conditional plea of guilty, reserving the right to challenge the trial court's denial of the motion to suppress evidence. The North Dakota Supreme Court affirmed the trial court's decision not to suppress the evidence.

---

[2] The 911 emergency call to police turned out to be false; Murray and Matthews were not being held at gunpoint.

Matthews then filed for post conviction relief in the State of North Dakota. His case was dismissed at the trial level and affirmed by the North Dakota Supreme Court. Matthews now asks this Court for habeas corpus relief under 28 U.S.C. § 2254 based upon (1) an illegal search and seizure and (2) ineffective assistance of counsel. The petitioner also moves for leave to conduct discovery and for appointment of counsel.

### III. DISCUSSION

28 U.S.C. § 2254(b)(1)(A) states that Matthews must exhaust his state remedies before filing this petition. Matthews entered a conditional plea of guilt and reserved the right to appeal the denial of his motion to suppress evidence, which the North Dakota Supreme Court affirmed. He then initiated post conviction relief, which the trial court also denied. Petitioner appealed the denial to the North Dakota Supreme Court, which again affirmed the trial court. Accordingly, Matthews has exhausted his state remedies and is properly before this Court.

28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner argues that the trial court and North Dakota Supreme Court decisions were contrary to clearly established Federal Law, as determined by the Supreme Court of the United States. The Court will address each contention in turn.

A.  Illegal search and seizure

Matthews contends that his conviction was obtained with evidence illegally seized during a warrantless search of his home, in violation of the Fourth Amendment. Generally, if a State has provided a full and fair opportunity to litigate a Fourth Amendment claim, it is barred on Federal habeas corpus review. Stone v. Powell, 428 U.S. 465, 494 (1976). As the Eighth Circuit Court of Appeals explained in Willet v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994), "a Fourth Amendment claim is Stone-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system."

Here, Matthews has had a full and fair chance to have his Fourth Amendment claims adjudicated. He moved for suppression of evidence before trial, which the trial court denied, and appealed that denial, which the North Dakota Supreme Court affirmed. Accordingly, the petitioner's claim under the Fourth Amendment is "Stone-barred" and thus unreviewable by this Court.

B.   Ineffective assistance of counsel

Matthews second contention is that he was denied effective assistance of counsel, in violation of the Sixth Amendment. To prove that Matthews was provided ineffective assistance of counsel, he must satisfy the two-prong test set out in Strickland v. Washington, 466 U.S. 668 (1984). First, he must show that his counsel's performance was deficient, i.e., objectively unreasonable. Id. at 688. Matthews must overcome "strong presumptions that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.  Second, he must show that counsel's deficient performance prejudiced him with an unreliable or fundamentally unfair outcome. Id. at 692. Matthews "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In the present case, Matthews complains that his counsel did not call certain witnesses during the suppression hearing. Petitioner contends that if counsel would have called the requested witnesses to testify, the trial court would have suppressed the evidence to which he plead guilty.

The Court disagrees. As the North Dakota Supreme Court stated in affirming the trial court's decision to suppress the evidence, "For the most part, if the witnesses had testified as Matthews suggest they would testify, their testimony would have been irrelevant to the outcome of the suppression hearing."

Matthews v. State, 2005 ND 202, ¶ 12, 706 N.W.2d 74, 77. The reasons that a false 911 call is placed, when officers do not know the call is false, does not change the reasonableness of the officers actions under the circumstances. It cannot be said that "but for" the failure of counsel to place these witnesses on the stand the outcome of the motion to suppress evidence would have been different.

**IV. Conclusion**

The petitioner's Motion under 28 U.S.C. § 2254 is **DENIED** (doc. #1). Petitioner's Motions for Leave to Conduct Discovery (doc. #2) and for Appointment of Counsel (doc. #3) are **DENIED AS MOOT**. This action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 4th day of August, 2006.

```
                          /s/ Rodney S. Webb
                     _____
                     RODNEY S. WEBB, DISTRICT JUDGE
                     UNITED STATES DISTRICT COURT
```